IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------X
                    :

PETER J. LIMONE, ET AL.          :          3:05 MC 235 (JBA)
                    :

V.                    :

UNITED STATES OF AMERICA, ET AL.   :          DATE: SEPTEMBER 21, 2005
                    :

---------------------------------------------------X
---------------------------------------------------X

JOSEPH SALVATI, ET AL.         :

V.                    :

UNITED STATES OF AMERICA, ET AL.   :

---------------------------------------------------X

RULING ON UNITED STATES' MOTION FOR PROTECTIVE ORDER

This request for a protective order is an ancillary matter to a suit pending in the

United States District Court for the District of Massachusetts ["the Massachusetts Action"],

before United States District Judge Nancy Gertner.[1]  On July 28, 2005 the United States

filed a Motion for Protective Order, and its brief in support, to preclude the deposition of

Assistant United States Attorney ["AUSA"] John Durham.  (Dkts. #1-2).[2]  The Salvati

plaintiffs filed their brief in opposition on August 18, 2005 (Dkt. # 7),[3] to which the United

_____

[1]The lead case is <u>Limone v. United States</u>, Civ. No. 02-10890-NG.

[2]The following three exhibits are attached to the brief: copies of notice of
deposition and subpoena, dated June 24, 2005 (Tab A); declaration of AUSA Durham,
dated July 26, 2005 (Tab B); and declaration of Paul C. Cignoli, Jr., dated July 22, 2005
(Tab C).

[3]Copies of case law were attached.

States filed a reply brief eleven days later.   (Dkt. # 8).  The Salvati plaintiffs filed a supplemental brief on September 12, 2005. (Dkt. #10).[4]

On August 5, 2005, U.S. District Judge Janet Bond Arterton referred the pending motion to this Magistrate Judge.  (Dkt. #6).

For the reasons stated below, defendant's Motion for a Protective Order (Dkt. #1) is granted, without prejudice to plaintiffs seeking reconsideration following resolution of the discovery motion(s) pending in the Massachusetts Action.

## I. DISCUSSION

In the Massachusetts Action, plaintiffs seek damages for  various torts, including malicious prosecution, false imprisonment, constitutional violations by federal agents, and § 1983 civil rights violations by state and local law enforcement, all stemming from plaintiffs' convictions in Massachusetts state court for the 1965 murder of Edward ("Teddy") Deegan, which convictions were later vacated.[5]   (Dkt. #2, at 3; Dkt. #7, at 2-4).  From 1999 to 2003, AUSA Durham served a lead prosecutor of the Justice Task Force ["JTF"], created to investigate possible law enforcement corruption with respect to the FBI's handling of this matter.  (Dkt. #2, at 2 & Exh. B, ¶¶ 2-4; Dkt. #7, at 4).  As part of the discovery process in the Massachusetts Action, the United States already has produced more than 40,000 pages of documents to plaintiffs, but according to plaintiffs, "the majority of the documents have been so heavily redacted that they are of little, if any, use to . . . plaintiffs" and they are unindexed.  (Dkt. #2, at 4 & Exh. C, ¶¶ 4-5; Dkt. #7, at 5-6).  A Motion to Compel, which addresses redaction and privilege issues, is currently pending before Judge Gertner in the

---

[4]Copies of case law were attached.

[5]See also Commonwealth v. French, 357 Mass. 356 (1970) and Commonwealth v. Salvati, 420 Mass. 499 (1995).

Massachusetts Action.   (Dkt. #8, at 3).   In an effort to glean some of the redacted information, plaintiffs seek to depose AUSA Durham, requesting "[a]ny and all reports prepared by you or on your behalf concerning your investigation into the . . Deegan murder and/or your investigation into the Boston Office of the FBI."  (Dkt. #2, at 1 & Exh. A).

In support of its Motion for Protective Order, the United States argues that the documents and testimony sought by plaintiffs are protected by the "deliberative process privilege" and/or constitute protected attorney work product.  (Dkt. #2, at 5).  With regard to the deliberative process privilege, the Government contends that any reports relating to the JTF investigation are in draft form and are inherently pre-decisional and deliberative in nature.  (Id. at 5-9 & Exh. B, ¶¶ 8 & 10).  The Government cites policy considerations in its argument that discovery of such material as is requested here would chill the exchange of frank and candid discussion among governmental policy-makers, advisors, and, of particular relevance here, prosecutors.  (Id.).  Plaintiffs, in turn, argue that the requested documents and information do not fall within the ambit of the deliberative process privilege because they were not specifically developed to assist AUSA Durham formulate actual policy.  (Dkt. #7, at 7-9).  Plaintiffs also contend that the degree to which any of the requested documents might be so privileged is indeterminable based on the Government's conclusory description of the information, and so urge the Court to conduct an in camera review of the material to determine whether the reports contain any purely factual information that may be discoverable.[6]  (Dkt. # 7, at 10-11).  Plaintiffs also argue that even if the deliberative process privilege were to apply generally to the testimony and documents at issue here, balancing of the competing issues weighs in favor of exposing government misconduct (Dkt. #7, at 11-

---

[6]In its reply brief, the Government suggested that any in camera review be conducted by Judge Gertner, not this Court (Dkt. #8, at 3), with which plaintiffs agree (Dkt. #10, at 1-2).

3

12), and the United States has failed to submit an index, thus failing to properly invoke the deliberative process privilege (id. at 12-14).

The requested reports and information, according to the Government, are also not discoverable because, as material prepared by a prosecutor in anticipation of criminal prosecution, they are attorney work product and therefore privileged. (Dkt. #2, at 9-14). Plaintiffs contend that the requested information is not attorney work product because it was not prepared in anticipation of this particular litigation and the United States' role as a party in the previous JTF investigation is not the same as its role in the instant case as a defendant in a civil lawsuit. (Dkt. #7, at 15-16).

The issues raised by the parties are interesting and well briefed, but in light of judicial determinations still pending before Judge Gertner in the Massachusetts Action, they need not be resolved by this Magistrate Judge at this time. Plaintiffs accurately point out that they are unable to argue substantial need at this time (Dkt. #7, at 16), not only because they lack a log or index of the information requested and privileges asserted (id. at 12-14), but also because the necessity of that information appears to be inextricably intertwined with Judge Gertner's anticipated determination of whether any of the redacted information in the Government's voluminous production should be disclosed. Further, as both parties agree, any determination of whether the drafts, reports, and other JTF documents held by AUSA Durham are subject to the deliberative process privilege and, if so, whether plaintiffs' need for the evidence overcomes the Government's need for confidentiality necessarily entails questions of relevance better left to the judge overseeing the underlying litigation. (Dkt. #8, at 3; Dkt. #10, at 1-2). If, for example, Judge Gertner orders the Government to produce a large portion of the redacted material, then it is possible that plaintiffs will no longer seek to depose AUSA Durham. Thus, it would be more productive to defer any ruling on the

merits until after Judge Gertner issues her discovery rulings.

## II.  CONCLUSION

Accordingly, for the reasons stated above, defendant's Motion for a Protective Order to Preclude the Deposition of Assistant United States Attorney John Durham (Dkt. #1) is granted, without prejudice to plaintiffs seeking reconsideration following resolution of the discovery motion(s) pending in the Massachusetts Action.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 21st day of September, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge